FILED
2009 Jul-22 PM 03:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **ROBBY J. SHELTON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 5:08-CV-2111-VEH** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
|     **Defendant.** | ) |

---

## MEMORANDUM OPINION

Plaintiff, Robby J. Shelton (hereinafter "Mr. Shelton"), brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act. He seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied his application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB").[1] Mr. Shelton timely pursued and exhausted his administrative remedies available before the Commissioner. The case

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statues or regulations found in quoted court decisions.

is ripe for review pursuant to 42 U.S.C. § 405(g)[2] of the Social Security Act.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Shelton was a 31-year old male at the time of his hearing before the Administrative Law Judge (hereinafter "ALJ").  (Tr. 14).  He has a 6th grade education. (Tr. 18, 313).  His past work experiences include employment as a brake press operator, carpenter helper, millwright, painter, and tile setter. (Tr. 21).  His last period of work ended in August 2005.  (Tr. 315).  Mr. Shelton claims he became disabled on December 31, 2004, due to anxiety, hyperlipidemia, hypertension, and degenerative disk disease.  (Tr. 16, 40).

Mr. Shelton filed his application for a period of disability and disability insurance benefits on April 29, 2005.  (Tr. 14).  He filed a Title XVI application for Supplemental Security Income on August 10, 2005.  (Tr. 22).  The claims were denied by the Commissioner on November 10, 2005.  (Tr. 14).  Mr. Shelton filed a timely written request for a hearing on December 6, 2005.  (Tr. 14).  The hearing was held on December 6, 2005.  (Tr. 14).  The ALJ concluded that Mr. Shelton was not disabled and denied both his DIB and SSI claims on February 13, 2007.  (Tr. 22). The court has carefully considered the record and affirms the decision of the ALJ.

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

**STANDARD OF REVIEW**

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390, 401 (1971); *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988); *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1983); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id.*

**STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish his entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as the "inability to do any substantial gainful activity by reason of any medically

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of June 12, 2009.

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4) whether the claimant can perform her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps one and two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed

impairment but cannot perform her work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Foote*, 67 F.3d at 1559.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Mr. Shelton met the insured status requirements of the Social Security Act through June 30, 2009. (Tr. 16). He also ruled that Mr. Shelton has not engaged in substantial gainful activity since the amended alleged onset date of his disability on December 31, 2004. (Tr. 16). The ALJ then decided the claimant has a severe combination of impairments including: anxiety, hyperlipidemia, hypertension, and degenerative disk disease. (Tr. 16). The ALJ determined that Mr. Shelton does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404 Appendix 1, Subpart P, of the Social Security Regulations. (Tr. 16).

The ALJ concluded that Mr. Shelton's impairments prevented him from performing his past relevant work. (Tr. 21). The ALJ found that Mr. Shelton has the residual capacity to perform medium work. (Tr. 17). The ALJ also determined that Mr. Shelton had a marginal education and was able to communicate in English. (Tr.

21).

The ALJ found that, given Mr. Shelton's "age, education, work experience, and residual function[,] there are jobs that exist in significant numbers in the national economy that [Mr. Shelton] can perform." (Tr. 21). The ALJ finally held that Mr. Shelton was not under a disability at any time through the date of the ALJ's decision and therefore was not eligible for DIB under §§ 216(i) and 223(d) of the Social Security Act. (Tr. 22). Further, based on his application for SSI, Mr. Shelton was not disabled under § 1614(a)(3)(A) of the Social Security Act. (Tr. 22).

## **ANALYSIS**

The court can reverse a finding of the Secretary if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[4]

Mr. Shelton argues that the ALJ failed to accord enough weight to the opinion of Dr. Angelina Alejandrino. (Doc. 9 at 8). He maintains that the ALJ did not have

---

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

good cause for discounting the opinion of Dr. Alejandrino. (Doc. 9 at 9). Mr. Shelton also asserts that the ALJ substituted his own judgment for that of Dr. Alejandrino. (Doc. 9 at 10).

Finally, Mr. Shelton contends that the opinion of Dr. Mark Murphy, which was not before the ALJ but was before the Appeals Council, warrants a remand for the ALJ to consider. (Doc. 9 at 8, 10).

**I.  SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S CONCLUSION REGARDING THE MEDICAL JUDGMENT OF DR. ALEJANDRINO.**

Mr. Shelton argues that the ALJ did not accord sufficient weight to Dr. Alejandrino's opinion. He asserts that the treating physician's opinion is to be given substantial weight, absent good cause to the contrary. *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988). The Commissioner counters that the ALJ properly discounted the opinion of Dr. Alejandrino and articulated his reasons for doing so.

**A.  The ALJ articulated the weight given to Dr. Alejandrino's opinion and gave adequate reasons for attributing such weight.**

The Eleventh Circuit Court of Appeals has held that substantial weight must be given to the opinion of the treating physician in determining disability. *Lewis v. Callahan*, 125 F. 3d 1436, 1440 (11th Cir. 1997). The Eleventh Circuit has also held that a treating physician's opinion may not be dismissed without good cause, which

occurs when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.*

Mr. Shelton relied upon *MacGregor v. Bowen* in support of his appeal, asserting that "[w]here the Secretary has ignored or failed properly to refute a treating physician's testimony, we hold as a matter of law that he has accepted it as true." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). However, the ALJ did not ignore the findings of Dr. Alejandrino. Instead, the ALJ stated that he was giving Dr. Alejandrino's opinion little weight and articulated adequate reasons why. (Tr. 19). In particular, the ALJ referred to the fact that, while Dr. Alejandrino was seeing Mr. Shelton from 2004 to 2006 when he was working as a painter, she never made a recommendation that Mr. Shelton stop working nor did her office notes reflect any mention of his being disabled. (Tr. 19). The ALJ also considered that Dr. Alejandrino never put any restrictions or limitations on Mr. Shelton's ability to work and never recommended that he see a specialist. (Tr. 19).

The ALJ also noted that Dr. Alejandrino contended her work-up was hampered by a lack of testing because Mr. Shelton did not have medical insurance and did not have time when he was working to go for tests. (Tr. 19). The ALJ discussed, however, the fact that Mr. Shelton had time to see Dr. Alejandrino while he was

working and the existence of clinics that accept uninsured patients as reasons for finding this argument unpersuasive. (Tr. 19). The ALJ also pointed to the fact that, while Mr. Shelton had lower back pain and was seeing Dr. Alejandrino, he continued to work laying ceramic tile and painting. (Tr. 18-19).[5]

Mr. Shelton also argues that Dr. Alejandrino's opinion should be given more consideration because she is the treating physician. The Eleventh Circuit has held that the opinions of treating physicians should be accorded "considerable weight." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986) (quoting *Perez v. Schweilker*, 653 F.2d 997, 1001 (5th Cir. 1981)). However, the Eleventh Circuit has also noted that this does not make the treating physician's opinion "dispositive." *Chester*, 792 F. 2d at 131. The ALJ properly articulated his "good cause" and found Dr. Alejandrino's findings to be inconsistent with the totality of the evidence in the record.

### B. The ALJ did not substitute his own judgment for the judgment of Mr. Shelton's treating physician.

---

[5] The court notes that Mr. Shelton self-reported that he had "painted part time after 12/31/04 until 5/31/05. [His] wife did most of the painting and [Mr. Shelton] may have helped her for 3 - 4 hours a week"(emphasis supplied). (Tr. 48). While this self-reported work is minimal, and the court would not find it to be sufficient evidence, by itself, to accord the weight the ALJ gave Dr. Alejandrino's opinion, the court also notes that such minimal work support the ALJ's failure to accept Dr. Alejandrino's report that Mr. Shelton did not have time when he was working to go for tests. Thus, the fact that Mr. Shelton's work after December 2004 was minimal is neutral in that it both undercuts and supports different aspects of the ALJ's reasons for the weight he gave to Dr. Alejandrino's opinion.

Mr. Shelton contends that the ALJ substituted his own judgment for the judgment of the treating physician. To the contrary, the record shows that the ALJ considered all of the medical records before him. (Tr. 14-22). The record also indicates that the ALJ considered the findings of Dr. Alejandrino in reaching his decision. (Tr. 18-20).

The ALJ additionally relied on consultative examinations in reaching his decisions. The consultative examination performed by Dr. Gill showed only minimal physical limitations on Mr. Shelton. (Tr. 19). Also, the consultative examination by Dr. Haney found Mr. Shelton only has moderate limitations in his ability to perform the mental requirements of work. (Tr. 20). The ALJ articulated sufficient reasons for the weight he assigned to the medical opinions in the record, and his decision does not constitute an improper substituted judgment.

## II. ADDITIONAL EVIDENCE SUBMITTED TO THE APPEALS COUNCIL DOES NOT WARRANT REMAND FOR FURTHER ADMINISTRATIVE CONSIDERATION.[6]

Mr. Shelton submitted additional evidence to the Appeals Council on June 17, 2008. (Tr. 308). More specifically, he submitted a form that was completed by Dr. Murphy for the purpose of obtaining food stamps. (Tr. 308). The form stated that

---

[6] The court notes that the following overall framework and analysis was used in *Scott v. Barnhart,* No. 5:06-CV-1901-VEH (Doc. #12) (N.D. Ala. July 9, 2007). *Scott* similarly resulted in an order affirming the ALJ's decision. (Doc. #13)

Mr. Shelton was unable to work because of degenerative disc disease and referenced MRI results showing L4-5 and L5-S1 bulge plus impingement and myofascial cervicalgia. (Tr. 308). Mr. Shelton argues that this evidence warrants a remand to the ALJ for consideration.

When a claimant requests review of an ALJ's decision, the Appeals Council "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an [ALJ]" 20 C.F.R. § 404.967. The Commissioner's Regulations obligate the Appeals Council to consider any new and "material" evidence. 20 C.F.R. § 404.970(b). "Material" evidence that the Appeals Council is required to consider is evidence that relates to the period on or before the date of the ALJ's decision and that is, therefore, time-relevant. 20 C.F.R. §§404.970(b), 404.976(b)(1). After considering whether the evidence is new and time relevant, the Appeals Council will only grant a request for review of such new and time-relevant evidence that, when considered in conjunction with the evidence before the ALJ, indicates that the ALJ's action, findings, or conclusion is contrary to the law. *See* 20 C.F.R. § 404.970(b).

In this case, the Appeals Council complied with the requirements of § 404.970(b) in denying Mr. Shelton's request for review. The Appeals Council considered the additional evidence submitted by Mr. Shelton but found "no reason

under our rules to review the [ALJ]'s decision." (Tr. 5). The Appeals Council did consider the new, time-relevant material in conjunction with the evidence and properly denied review.

In *Falge v. Apfel*, the Eleventh Circuit discussed two avenues for court review of new evidence first submitted to the Appeals Council. *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998). First, such evidence can be considered by a court for purposes of remand pursuant to 42 U.S.C. § 405(g). *See Falge*, 150 F.3d at 1323-24. Second, if the Appeals Council refuses to consider "new and material" evidence, such a refusal amounts to an error of law under 20 C.F.R. § 404.970(b), which may be reviewed by the court. *See Falge*, 150 F.3d at 1324 (quoting *Keeton v. Dept. of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). Since the Appeals Council did not refuse to review the evidence, but specifically stated that the evidence was considered but provided no basis for changing the ALJ's decision, the court has reviewed the new evidence under 42 U.S.C. § 405(g).

Mr. Shelton argues that new evidence should be considered in this case and that the Appeals Council failed to do so. The standard for a remand based on new evidence is: "(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the

evidence at the administrative level." *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877(11th Cir. 1986)).

The food stamps evidence does not warrant a remand because no reasonable possibility exists that it would change the result. In particular, the Commissioner noted that the form was filled out on June 17, 2008, while the last examination by Dr. Murphy of Mr. Shelton occurred over two years prior in November, 2005. (Tr. 158-164, 308). Similarly, while Dr. Murphy references MRI results on the food stamp form, there are only MRI results referenced in his 2005 medical notes and no 2008 MRI results are in the record. (Tr. 158-164). The Eleventh Circuit has held that "[t]he weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to claimant's impairments." *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (quoting *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981)). The conclusory statement that Mr. Shelton is not able to work is not supported by any new findings and is cumulative evidence. Accordingly, the Appeals Council was correct in their determination that this evidence does not warrant a remand.

## **CONCLUSION**

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and applies the proper legal standards. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 22nd day of July, 2009.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge